**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Alexander Cortez-Debonar, et al,

Plaintiffs

v.

Betsy Fretwell, et. al,

Defendants

2:15-cv-00491-JAD-NJK

**Order Denying Plaintiffs' Motion for Reconsideration**

ECF No. 29

Former firefighter trainees Alexander Cortez-Debonar and Cal Henrie, Jr. sue the City of Las Vegas, City Manager Betsy Fretwell, and Fire Chief Scott Fuller for a due-process violation and breach of contract to redress their 2013 termination from the City's firefighter academy under suspicion of cheating, allegedly without a proper name-clearing opportunity.[1] Plaintiffs now move me to reconsider my order granting in part and denying in part their motion for summary judgment.[2] Because plaintiffs have given me no valid reason to reconsider my summary-judgment order, I deny the motion.[3]

**Background**

Plaintiffs allege that they were fired after the City publicly accused them of cheating on an exam at the firefighter academy without giving them a pre-termination name-clearing opportunity, violating the Fourteenth Amendment's due-process clause and their union's collective-bargaining agreement (CBA).[4] Plaintiffs moved for partial summary judgment on

[1] ECF No 1.

[2] ECF No. 29.

[3] I find this motion suitable for disposition without oral argument. L.R. 78-1.

[4] *See* ECF No. 1.

liability,[5] and defendants countermoved for summary judgment on both claims.[6] I granted in part and denied in part plaintiffs' motion and denied defendants' countermotion.[7] I found that it was not genuinely disputed that plaintiffs were stigmatized and thus were entitled to a name-clearing opportunity, but because plaintiffs were at-will employees, that opportunity did not need to take place before the termination.[8] And, because it was unclear from the record whether plaintiffs' post-termination meeting with city officials satisfied due process, I declined to grant plaintiffs summary judgment on the issue of liability.

Plaintiffs move me to reconsider that order. They re-urge their argument that a pre-termination hearing is always required as a matter of law and—for the first time—they now argue that, even if a pre-termination hearing was not required, the July meeting was not "reasonably prompt" and therefore failed to comport with due process regardless.[9] For the reasons outlined in my summary-judgment order, I reject plaintiffs' argument that a pre-termination hearing is *always* required for public employees, and I decline to consider their new argument that the post-termination meeting was not reasonably prompt.

## Discussion

### A. Standard of review for motions to reconsider

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" by presenting "facts or law of a strongly convincing nature."[10] Reconsideration is appropriate if the court "is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an

---

[5] ECF No. 20.

[6] ECF No. 22.

[7] ECF No. 27.

[8] ECF No. 27 at 6—7.

[9] ECF No. 29 at 4—5.

[10] *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

intervening change in controlling law."[11] "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court has already ruled."[12]

**B. Plaintiffs have given me no valid reason to reconsider my summary-judgment order.**

As they did on summary judgment, plaintiffs rely on the Ninth Circuit's decision in *Vanelli v. Reynolds School District No. 7*.[13] Plaintiffs overread *Vanelli*. *Vanelli* did not hold that public employees are *always* entitled to a pre-deprivation hearing. Instead, the *Vanelli* court held that, although "[t]here is a strong presumption that a public employee is entitled" to a pre-deprivation hearing, "a court should analyze whether the timing of a hearing comports with due process given the exigencies and circumstances of any particular case, according to the three-part process outlined in *Matthews v. Eldridge*."[14] The *Vanelli* court then applied the *Matthews v. Eldridge* balancing test to conclude that, on the facts of that particular case (which implicated both a liberty and property interest), a pre-termination hearing was constitutionally required.[15]

This factual analysis is precisely what was missing from plaintiffs' motion and the record before me on summary judgment. As I noted in denying summary judgment on liability, "I cannot decide based on the thin record before me whether the [post-termination] meeting met the standards of fairness required by the due-process clause."[16] Even if I were to consider plaintiffs' new argument that, even if a pre-termination hearing was not required, the post-termination hearing here was insufficient, I would still deny their motion to reconsider. Plaintiffs make no attempt to analyze the post-termination meeting in light of the *Matthews v. Eldridge* factors; they

---

[11] *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1244, 1263 (9th Cir. 1993).

[12] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[13] *Vanelli v. Reynolds School Dist. No. 7*, 667 F.2d 773 (9th Cir. 1982).

[14] *Vanelli*, 667 F.2d at 778 (citing *Matthews v. Eldridge*, 424 US. 319 (1976)).

[15] *Id.* at 779.

[16] ECF No. 27 at 8.

baldly argue that, "[r]egardless as to the nature of the meeting," it was not "reasonably prompt."[17] This effort would be wholly insufficient even if it had been raised originally on summary judgment; it is wholly insufficient to persuade me to reconsider my summary-judgment order now.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **plaintiffs' motion to reconsider [ECF No. 29] is DENIED.**

DATED: October 18, 2016

Jennifer A. Dorsey
United States District Judge

[17] ECF No. 29 at 4.